UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LORI BROWN and DERRICK BRADEN BROWN, By and Through His Next Friend and Parent, LORI BROWN, <br><br> Plaintiffs, <br><br> V. <br><br> JOHN DEERE COMPANY, et al., <br><br> Defendants. | Civil Action No. 6: 06-429-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

This action was filed originally in the Laurel Circuit Court but removed to this Court on September 19, 2006, pursuant to 28 U.S.C. §§ 1441 and 1446. The matter is pending for consideration of Defendant John Deere Company and Deere & Company's motion to dismiss Plaintiff Derrick Braden Brown's claim for loss of parental consortium.

Because this action does not contain an allegation of wrongful death, the Defendants argue that the Kentucky Court of Appeals' rejection of claims for loss of parental consortium is applicable and compels dismissal of that claim here. In *Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770 (Ky. App. 2000), after thoroughly discussing the Supreme Court of Kentucky's decision recognizing claims for loss of parental consortium in wrongful death actions, the court held that:

> based upon the context of *Giuliani* [951 S.W.2d 318 (Ky. 1997)], its language, and the absence of a direct holding that the loss of parental consortium is available beyond wrongful death cases, *Giuliani* is best read as providing a cause

>of action to a child only in those cases where there is likewise an action for wrongful death of the parent.

*Lambert*, 37 S.W.3d at 780.

The Plaintiffs do not contend that the Defendant's citation to Lambert is incorrect. Instead, they assert that the Supreme Court of Kentucky has not spoken on this issue. Further, they believe that, if given the opportunity, it would recognize the claim in issue.

As an initial matter, the Court notes that, in diversity cases such as the present action, it must apply the law of the state's highest court. *Erie R.R. v. Thompkins*, 304 U.S. 64 (1938). Further, when the state's highest court has not decided the applicable law, the court must attempt to ascertain it "from all relevant data." *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985). Such "relevant data" includes the state's appellate court decisions. Quoting *FL Aerospace v. Aetna Casualty and Sur. Co.*, 897 F.2d 214, 218-19 (6th Cir.), *cert denied*, 498 U.S. 911 (1990), and other authorities, the Sixth Circuit has held that "an intermediate appellate court's judgment that announces a rule of law is 'a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Garden City Osteopathic Hospital v. HBE Corporation*, 55 F.3d 1126, 1130 (6th Cir. 1995); *see also*, *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690 (6th Cir. 2006).

In the present case, the Plaintiff has not cited any persuasive authority indicating that the Supreme Court of Kentucky would not following the holding in *Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770 (Ky. App. 2000). Likewise, this Court has found no indication that

Kentucky's highest court would not follow this decision. Thus, the undersigned cannot disregard *Lambert's* clear language. Accordingly, being sufficiently advised, it is hereby

**ORDERED** that the Defendants' motion to dismiss the Plaintiff's loss of parental consortium claim [Record No. 7] is **GRANTED**.

This 19th day of October, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge